IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGE HOEY MORRIS,

Plaintiff,

v.

THOMAS CORAM, JR., *et al.*

Defendant.

Civil Action No. 2:10cv331-TMH (WO)

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. INTRODUCTION

Plaintiff, a federal inmate proceeding *pro se*, filed this *Bivens* action[1] on April 13, 2010.[2] He brings his complaint against Thomas Coram, Jr., a former agent with United States Immigration and Customs Enforcement ("ICE"); Assistant United States Attorney Susan Redmond ("AUSA Redmond"); and an unnamed female ICE agent. Plaintiff alleges that his constitutional rights were abridged by the Defendants, who he says used their positions and authority and/or conspired with one another in various ways in order to effect

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A "*Bivens* action" is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights. *Bivens*, 403 U.S. at 397; *see Butz v. Economou*, 438 U.S. 478, 498-99 (1978). The standards of liability in a *Bivens* action are similar to the standards under 42 U.S.C. § 1983. *See Butz*, 438 U.S. at 500.

[2] Although Plaintiff's complaint was date-stamped as "received" by this court on April 19, 2010, an attachment included with the complaint reflects that it was signed on April 13, 2010. In light of this, and without any contradictory evidence, the court assumes that April 13, 2010, is the date of filing for Plaintiff's complaint. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

his unlawful arrest, conduct an illegal search, fabricate criminal charges against him, and give, suborn, and perpetuate perjured testimony against him in order to obtain his indictment and conviction for federal offenses and to sustain his conviction on appeal. Plaintiff seeks damages in the amount of twenty million dollars ($20,000,000) and requests that Coram and his "co-conspirator"[3] be prosecuted for perjury.

Under the Prison Litigation Reform Act of 1996, Pub.L.No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[4]

## II. DISCUSSION

### *A. Plaintiff's Claims*

Plaintiff's complaint contains the following claims:

1. Defendant Coram (a) searched Plaintiff's vehicle over his objections and without a warrant while arresting Plaintiff on "visa fraud" charges; (b) used a Xerox copy of a cancelled four-

---

[3] The court here presumes that Plaintiff refers to Defendant unnamed female ICE agent.

[4] The screening procedures that have been established for prisoner civil actions by § 1915A apply whether Plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-80 (5th Cir. 1998). Plaintiff paid the full civil filing fee of $350.00. Notwithstanding the full payment of the filing fee, this court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A).

year-old visa application "seized during a failed child pornography raid to cause an arrest"; (c) committed perjury to a grand jury "in order to create a crime where one did not exist so that he could obtain an indictment in order to protect [himself] from impending civil liability"; (d) committed perjury "in association with a co-conspirator" during sworn testimony to a jury by fabricating "the history of a visa fraud indictment," in a deliberate effort to deny Plaintiff due process; and (e) "assisted in perpetuating the perjury by placing it in the Prosecutor's Brief during the appeal process of the conviction[,] ... thereupon making it difficult to overturn the conviction."

2. Defendant AUSA Redmond (a) knowingly assisted Coram in his effort to obtain the indictment "with perjured testimony to create a crime where one did not exist"; and (b) submitted a brief containing "the perjured description of the facts of the indictment" to the Eleventh Circuit Court of Appeals during Plaintiff's appeal of his conviction.

3. Defendant unnamed female ICE agent, at the request of Coram and AUSA Redmond, "fabricated the history of a visa fraud indictment and presented the perjury to a jury as if it were fact."

Doc. No. 1 at 3; *see also* Doc. No. 1-1.

***B. Statute of Limitations***

The matters about which Plaintiff complains culminated in, or relate to, his conviction on federal charges. The undersigned takes judicial notice of court records that reflect that on October 6, 2006, a jury convicted Plaintiff of four counts related to criminal sexual activity with a minor, immigration fraud, and firearm possession by a convicted felon. *See United States v. Morris*, Case No. 2:05cr108-LSC (M.D. Ala.). Court records further reflect that on October 31, 2006, a jury convicted Plaintiff of making a false statement in the application for or use of a passport. *See United States v. Morris*, Case No. 2:06cr218-MHT

(M.D. Ala.). On July 6, 2007, the district court sentenced Plaintiff to a total of 900 months in prison in Case No. 2:05cr108-LSC. On April 23, 2009, the district court sentenced Plaintiff to 120 months in Case No. 2:06cr218-MHT, to run concurrently with the sentence imposed in Case No. 2:05cr108-LSC.[5] Plaintiff appealed his convictions and sentence in Case No. 2:05cr108 to the Eleventh Circuit, and on July 28, 2010 (after Plaintiff initiated this *Bivens* action), the Eleventh Circuit affirmed. *See United States v. Morris*, 389 Fed. App'x 948 (11th Cir. 2010) (unpublished). Plaintiff also appealed his conviction and sentence in Case No. 2:06cr218-MHT to the Eleventh Circuit. That appeal remains pending.

From a review of Plaintiff's allegations, it appears that the matters about which he complains relate to his arrest, indictment, trial, and conviction on charges of making a false statement in the application for or use of a passport in Case No. 2:06cr218-MHT, and to his subsequent appeal in that case. It is abundantly clear that, with the exception of Plaintiff's allegations about the submission of a "Prosecutor's Brief" containing "a perjured description of the facts" in Plaintiff's appeal of his conviction, all actions forming the basis of Plaintiff's claims occurred before or during his trial in Case No. 2:06cr218-MHT, which culminated with the jury's verdict on October 31, 2006.[6] Therefore, it is apparent from the face of Plaintiff's complaint – filed on April 13, 2010 – that all of Plaintiff's claims, with the

---

[5] Plaintiff's sentencing in Case No. 2:06cr218-MHT was delayed by numerous continuances and proceedings concerning Plaintiff's competency to undergo sentencing.

[6] The same result obtains assuming Plaintiff's allegations relate also to the events that culminated in his convictions in Case No. 2:05cr108-LSC, where the jury returned its verdict on October 6, 2006.

exception of his claims about the Prosecutor's Brief filed in his appeal, are barred by the statute of limitations.

State law is determinative of the statute of limitations for a *Bivens* action. *See McIntire v. United States*, 884 F.Supp. 1529, 1531-32 (M.D.Ala. 1995), citing *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994); *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Alabama's statute of limitations for personal injury actions is codified at § 6-2-38(l), Ala. Code 1975. That section states that "[a]ll actions for any injury to the person or rights of another not rising from contract and not specifically enumerated in this section must be brought within two years." Consequently, the applicable statute of limitations for all complained-of actions that took place before or during Plaintiff's October 2006 trial expired well before the April 13, 2010, filing of the instant complaint.[7] Plaintiff's claims predicated on these actions are therefore barred by the statute of limitations and subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(A)(b)(1).

***C. <u>Heck v. Humphrey</u>***

In any event, *none* of the claims presented by Plaintiff in his complaint, including his

[7] Usually, the statute of limitations is a matter to be raised as an affirmative defense. However, in a *Bivens* action (or an action proceeding under 42 U.S.C. § 1983), a court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(A)(b)(1)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In such case, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.

allegation that the Prosecutor's Brief in his appeal contained perjured facts, are cognizable in this *Bivens* action, because any ruling on such claims would necessarily call into question the lawfulness of Plaintiff's conviction and sentence. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87. The rule announced in *Heck* applies to *Bivens* damages claims. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Thus, a *Bivens* damages claim that calls into question the lawfulness of a conviction or sentence "does not accrue until the conviction or sentence has been invalidated." *Abella*, 63 F.3d at 1065, quoting *Heck*, 512 U.S. at 489. A ruling in favor of Plaintiff on his claims that Defendants used their positions and authority and/or conspired with one another to effect his unlawful arrest, conduct an illegal search, fabricate criminal charges against him, and give, suborn, and perpetuate perjured testimony against him in order to obtain his indictment and conviction – and to sustain his conviction on appeal – would necessarily imply the invalidity of Plaintiff's conviction.[8] However,

[8] Plaintiff's cursory assertions of unlawful search and arrest actually revolve around his claims of wrongful institution of legal process against him. He does not assert facts indicating a claimed Fourth Amendment violation. Thus, his claims of unlawful search and arrest are properly considered (continued...)

under *Heck*, Plaintiff may not use a *Bivens* action as a mechanism for challenging the validity of his conviction. Accordingly, as Plaintiff's federal conviction has not been declared invalid, all of Plaintiff's claims should be dismissed under *Heck*.

***D. Other Bases for Dismissal***

The undersigned notes that Plaintiff's claims are also fatally flawed in other respects. First, the United States Supreme Court has made clear that convicted persons may not bring *Bivens* (or § 1983) damages claims against law enforcement officers or private persons based on their allegedly perjured trial testimony because they enjoy absolute immunity as witnesses. *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983). This immunity also applies to witness testimony during grand jury proceedings. *Kelly v. Curtis*, 21 F.3d 1544, 1553 (11th Cir. 1994); *Strength v. Hubert*, 854 F.2d 421 (11th Cir. 1988). Therefore, to the extent Plaintiff asserts claims based on any allegedly false testimony by Defendants Coram and unnamed female ICE agent, either before the grand jury or at Plaintiff's trial, such claims must fail.

Next, to the extent Plaintiff sues Defendant AUSA Redmond in her official capacity, Plaintiff's claims are subject to dismissal in the absence of a waiver of sovereign immunity. The inherent sovereign immunity of the United States protects it and its agencies and employees from suit absent an express waiver. *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n*, 453 F.3d 1309, 1315 (11th Cir. 2006). "While a

---

[8](...continued)
as claims of malicious prosecution.

plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity." *Horne v. Social Security Administration*, 351 Fed. App'x 138, 143 (11th Cir. 2010). Because of the sovereign immunity of the United States, this court lacks jurisdiction to entertain Plaintiff's constitutional claims against AUSA Redmond in her official capacity.

Further, to the extent that Plaintiff is suing AUSA Redmond in her individual capacity for her initiation or pursuit of the criminal prosecution, AUSA Redmond is absolutely immune from suit. The Supreme Court has consistently held that all "acts undertaken by a

prosecutor ... in the course of his role as an advocate for the State are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)[9]; *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). Such immunity "is necessary to protect the judicial process." *Burns v. Reed*, 500 U.S. 478, 485 (1991). In *Imbler v. Patchman*, 424 U.S. 409, 424 (1976), the Supreme Court reasoned that "a prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained

[9] *Buckley* involved claims against state prosecutors under 42 U.S.C. § 1983. Courts apply immunity principles developed in § 1983 cases to *Bivens* claims. It would be "untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials." *Butz v. Economou*, 483 U.S. 478, 504 (1978).

in making every decision by the consequences in terms of his own potential liability in a suit for damages." Thus, prosecutors are absolutely immune from claims for damages based upon prosecutorial functions that are "intimately associated with the judicial ... process." *Imbler*, 424 U.S. at 430. Absolute immunity "applies to the prosecutor's actions in initiating prosecution and in carrying the case through the judicial process." *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Such absolute immunity afforded advocates for the government extends to "'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions....'" *Hart v. Hodges*, 587 F.3d 1288, 1296 (11th Cir. 2009).

The actions of AUSA Redmond complained of by Plaintiff all involve AUSA Redmond's initiation of the prosecution and "in carrying the case through the judicial process." These actions were intimately associated with the judicial process; it is clear, therefore, that AUSA Redmond is entitled to absolute immunity.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before September 12, 2012**.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). See also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of August, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE